WILFRED LANGLOIS *vs.* MAINE CENTRAL RAILROAD COMPANY.

Kennebec.   Opinion January 5, 1892.

*Negligence.   Railroad.   Fellow-servant.*

An employee of a railroad company, whose duty with his co-employees is to unload from cars and stick up in piles in the company's lumber yards sawed oak timber deposited there to be used in the manufacture and repair of cars, cannot recover damages of the company for an injury received by the falling upon him of an adjoining pile caused by the negligence of himself and of his co-employees.

Acts which constitute such negligence.

ON MOTION AND EXCEPTIONS.

This was an action tried in the Superior Court, for Kennebec County, to recover damages for personal injuries sustained by the plaintiff, a workman in employ of the defendant corporation, while handling timber which fell upon him and broke his leg.

The acts of negligence set forth in the declaration are as follows :

. . . "for that on the second day of May, A. D., 1889, the plaintiff was in the employ of the defendant corporation, working as a laborer in the yard adjacent to the said defendant corporation's car-shop in Waterville, in said County of Kennebec ; that on said second day of May, he was directed by the defendant's foreman or outside boss in said yard, to assist in the piling of certain timbers in said yard, said foreman or outside boss designating the place in which said plaintiff was to work ; that said place wherein said timbers were to be piled and said plaintiff was to work as directed was an unsafe place for the plaintiff to work in, because of the negligent and unsafe manner in which other piles of timbers had been, before said second day of May, deposited by said defendant corporation or its servants, and had been allowed to remain for a long time so piled, in the immediate proximity of the place in which the plaintiff was directed to work as aforesaid, although of the unsafety as aforesaid, the plaintiff had no knowledge ; that in obedience to the orders of the said foreman or outside boss, and in the discharge of duty and ignorant of any danger, the plaintiff began the work

assigned in the place thus negligently and carelessly designated by the defendant, through its said foreman, and thereupon, without fault of the plaintiff, the timbers which had been negligently and unsafely piled as aforesaid by the defendant corporation, or its servants, fell and struck the plaintiff and severely injured him, breaking one of his legs and doing him other grievous bodily injuries and causing him great pain and anguish, whereby he has been subjected to great loss of time and incurred debts of great amount which he is bound to pay.

" Also, for that on the second day of May, A.D., 1889, while said plaintiff was in the employ of the said defendant corporation at Waterville, in the County of Kennebec, and during which time of employment said defendant was bound to provide a reasonably safe place in which the plaintiff might work while employed by the defendant as aforesaid, said plaintiff was negligently and carelessly set at work by the defendant corporation, or its foreman, in a place wholly unsafe for him to work in, although said plaintiff was ignorant of the unsafety of the place as aforesaid, whereby said plaintiff without fault on his part, became greatly injured by the negligence of the defendant corporation and suffered great pain and anguish and incurred great loss of time and became indebted in large sums of money, which he is bound to pay.

" Also, for that on the second day of May, A. D., 1889, the plaintiff being then in the employ of the defendant corporation at Waterville, in the said County of Kennebec, and the said defendant corporation being then and there bound to provide a reasonably safe place in which said plaintiff was to work while employed as aforesaid ; the plaintiff was, without fault on his part and wholly through the carelessness, negligence and fault of the defendant, in providing a place for the plaintiff to work, greatly injured by reason of the falling of timber upon him, whereby his leg became broken and he suffered other grievous injuries and loss of time and incurred large debts, which he is bound to pay."

Plea, the general issue.

The jury returned a verdict for the plaintiff.   The defendant moved for a new trial and also filed exceptions.

A report of the exceptions becomes unnecessary by reason of the view taken by the court of the case as presented on the motion.

*W. C. Philbrook*, for plaintiff.

*Webb, Johnson and Webb*, for defendant.

VIRGIN, J.   An employee in the defendant's lumber yard connected with its repair shops, recovered a verdict of three hundred dollars for damages resulting from the fracture of his thigh bone, caused by the falling upon him a pile of lumber near which he and his co-employees were piling other lumber as it was being unloaded from a platform car — which verdict the defendant seeks to have set aside.

The report shows that, two to three hundred thousand feet of oak timber, sawed in various specified dimensions, are annually unloaded from platform cars, piled at right angles with, and alongside of a track extending across the defendant's yard to its shops and worked up into cars.

Timber of the same thickness is piled by itself in double tiers, — two pieces in width.   Each pile rests upon sawed oak skids placed horizontally upon the ground, with sticks an inch thick between the several layers extending across both tiers.   As timber of a particular dimension is wanted for use in the shops, a pile containing it is transferred to the shops ; and other timber as it arrives, is unloaded from the car and piled in the places thus left vacant.

The timber is handled by three or four men to a car under the supervision of a foreman who stands by to take account of the number and dimensions of the sticks and note the number of the car from which it is taken.

On April 30, 1889, a car of green oak timber arrived and was placed before one of the vacant spaces, four feet wide, from which a pile had been transferred, a week or two before, to the shops.   On the north side of the vacant space was a pile two or three feet high.   On the south side was another pile, consisting of sticks five inches thick and nine inches wide, stuck up in the usual manner, five or six feet in height, resting upon oak skids

which extended across the open space and upon which the car-load there standing was to be piled.

The plaintiff, with three others and a foreman went to the car and commenced to unload it in their usual manner, by one man standing upon the car and pushing one end of a stick of timber from the car when the others would take it and deposit it upon the skids.    When the end of the first stick was pushed from the car upon the ground, the other three, one at each end and the plaintiff at the middle, took it along over the skids, and (in the language of the plaintiff), "when we found it in place, let it drop three or four feet," upon the skids.    "It did not fall as it should and we went to place it in line with the other piles and had not time to place it before the [south] pile fell" and broke the plaintiff's leg.

The plaintiff and his fellow laborers who handled the timber were Frenchmen.    His fellows testified that the pile was not plumb, but leaned toward the open space, and they talked about it in French in the presence of the plaintiff, who says he did not hear the conversation nor notice that the pile was not perpendicular.    Other witnesses declared that the pile was plumb and stood firm.

We do not think it is material whether it was or was not plumb.    If it so leaned as to attract the attention of his fellow employees, the plaintiff must, or ought in the exercise of ordinary care, to have seen it.    The plaintiff had worked there the entire month of April, and he testified that he "had passed this pile about every day and sometimes many times a day."    Ordinary care on his part demanded that he should use his eyes when about his ordinary employment, and if the pile leaned, he had the same opportunity of seeing which others had, who were engaged there with him.

Moreover, whether it leaned or not, or whether or not he saw it if it did lean, he and his fellows were guilty of gross negligence in their manner of handling the timber which was the obvious cause of the accident.    For instead of taking the stick of heavy, green oak timber along and laying it down upon the skids which they knew extended under the pile, they let it drop

three or four feet upon the skids which evidently caused the pile to topple over. The whole transaction was the result of gross carelessness on the part of all concerned and the defendant showed its humanity in letting his regular pay go on during his five months suffering.

We are of opinion that the verdict was clearly against law.

*Motion sustained. New trial granted.*

PETERS, C. J., LIBBEY, EMERY, FOSTER and WHITEHOUSE, JJ., concurred.